**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:23-CV-00138-JHM**

**ANTONIO D. SANDERSON**                                                                **PLAINTIFF**

**v.**

**LOUISVILLE METRO GOVERNMENT,** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antonio D. Sanderson filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF CLAIMS**

On March 22, 2023, Plaintiff, a pretrial detainee, initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1]. Plaintiff sues Louisville Metro Government ("LMG"), Louisville Metro Department of Corrections ("LMDC"), and WellPath. Plaintiff contends that one or more of these Defendants violated his freedom of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); acted with deliberate indifference to his health, safety, and serious medical needs by withholding medications/medical care in violation of the Fourteenth Amendment; violated his Fifth, Eighth, and Fourteenth Amendments because of the conditions of confinement at the LMDC, including overcrowding, lack of recreation, illegal searches, expired food, lack of access to phones, and constant light and no pillows in the dorms; and denied him access to the courts in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff also alleges numerous state law claims. Plaintiff seeks compensatory

damages, punitive damages, and injunctive relief "preventing Defendant from further violation of Plaintiff's constitutional and other rights."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. LMDC

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, LMG is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against LMDC as a claim brought against LMG. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

#### B. LMG and WellPath

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality such as Louisville Metro Government or private corporation such as

WellPath[1], the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

### 1. First Amendment Free Exercise of Religion and RLUIPA

The Court construes the complaint as alleging claims for violation of the First Amendment's Free Exercise Clause and claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) against both LMG and WellPath.

---

[1] The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as WellPath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *see also Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM, 2022 WL 13973775, at *2 (W.D. Ky. Oct. 21, 2022).

"The First Amendment provides, in relevant part, that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.' U.S. Const. amend. I." *Gill v. Coyne*, No. 3:18-CV-00631-CHL, 2021 WL 4811300, at *10 (W.D. Ky. Oct. 14, 2021). "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) that the defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Similarly, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a); *Fox v. Washington*, 949 F.3d 270, 277 (6th Cir. 2020) ("RLUIPA provides greater protections than the First Amendment."). Under RLUIPA, a plaintiff must show "that the government substantially burdened [his] religious exercise." *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019). An action substantially burdens religion if "that action forced an individual to choose between 'following the precepts of [his] religion and forfeiting benefits' or when the action in question placed 'substantial

pressure on an adherent to modify his behavior and to violate his beliefs.'" *Barhite v. Caruso*, 377 F. App'x. 508, 511 (6th Cir. 2010) (quoting *Living Water Church of God v. Charter Tp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007)).

Plaintiff practices the Muslim religion and observes Ramadan which requires Plaintiff to fast from sunrise to sunset. First, Plaintiff alleges that during Ramadan 2022, April 1 to April 30, his religious beliefs and practices were violated by LMG's knowing failure to accommodate his Ramadan-related dietary dinner needs, including the timing and content of the meals and LMG's knowing failure to provide Plaintiff with a copy of the Quran, ordered and paid for by Plaintiff, "citing its new policy not to allow inmates any books or magazines" adopted by the LMDC the first day of Ramadan, April 1, 2022. [DN 1 at 5].

Based on these allegations, the Court will allow these claims against LMG to proceed on Plaintiff's First Amendment and RLUIPA claims. In doing so, the Court passes no judgment on their merit or upon their ultimate outcome.

Second, Plaintiff alleges that his religious beliefs and practices were violated because LMG and WellPath failed to provide him with his medications as appropriate during Ramadan.[2] Specifically, Plaintiff asserts that his medications would be given days late causing him to suffer from severe high blood pressure, feel faint, feel nauseous, have headaches and allergies, and even collapse. Plaintiff maintains that he pushed the Emergency Button several times during Ramadan due to these symptoms, but never received a response from anyone. Additionally, Plaintiff contends that he was forced to inappropriately take one or more of his medications on an empty stomach during this time which exacerbated his symptoms. Plaintiff maintains that LMG acknowledged its wrongful conduct stating: "Medical staff will be re-educated on having med carts

---

[2] These allegations also relate to Plaintiff's deliberate indifference claim under the Fourteenth Amendment addressed below.

6

stocked with the appropriate medications prior to starting sick call." [*Id.*] According to Plaintiff, this statement reflects "a systemic failure on LMG's part to follow its own policies/protocols and applicable law." [*Id.*].

Here, Plaintiff does not allege that any harm he suffered with respect to receiving medication was the result of a custom or policy implemented or endorsed by LMG or WellPath. In fact, he alleges instead that the conduct of the staff reflected a failure to follow LMG's own policies and protocols. "The failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation." *Balcar v. Kentucky State Reformatory*, No. 3:16-CV-P687-GNS, 2017 WL 119479, at *2 (W.D. Ky. Jan. 11, 2017) (citing *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) (holding that failure to comply with an administrative rule does not by itself give rise to a constitutional violation)); *see also Johnson v. Tingler*, No. 3:22-CV-P602-JHM, 2023 WL 4166106, at *4–5 (W.D. Ky. June 23, 2023); *Jackson v. Coyn*, No. 3:17-CV-P61-DJH, 2017 WL 2389400, at *4 (W.D. Ky. June 1, 2017). Thus, this claim will be dismissed for failure to state a claim upon which relief may be granted.

**2. Fourteenth Amendment Deliberate Indifference to Medical Needs**

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. "An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either

known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted).

In addition to the allegations regarding the failure of LMG and WellPath to provide Plaintiff with his medications appropriately during Ramadan and the failure of Defendants to respond to the Emergency Button [DN 1 at 5], Plaintiff also asserts that a WellPath nurse refused to accept a Health Services Request form in November 2022 and that WellPath and LMG failed to provide him with medications or antibiotics in December 2022 when he was suffering from tooth/mouth pain. [DN 1-1 at 3].

Again, Plaintiff does not allege that LMG or WellPath staff denied him medicine or medical treatment based on a policy or custom of LMG or WellPath. Thus, the Court will dismiss Plaintiff's Fourteenth Amendment deliberate indifference claim against LMG and WellPath for failure to state a claim upon which relief may be granted.

### 3. Conditions of Confinement

Plaintiff alleges that LMG failed to establish a safe, sanitary, and healthy environment in the detention center in violation of the Fifth, Eighth, and Fourteenth Amendments. [DN 1 at 5; DN 1-1 at 1–3, 5]. Plaintiff further alleges that LMG has a pervasive attitude and practice of ignoring all serious condition-of-confinement issues, including its unacceptable food/safety practices. The Court construes Plaintiff's allegations that he was placed in an overcrowded and unsanitary cell, denied cleaning supplies and laundered underwear, denied recreation, suffered from illegal searches, endured unsanitary and unsafe food, received no pillow, slept on metal racks and floors, and endured constant light in the dorm as asserting claims for violation of the

Fourteenth Amendment, which applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner*, 14 F.4th at 591.

It is well established that prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). A Fourteenth Amendment conditions-of-confinement claim has two prongs. To satisfy the first objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. To satisfy the second prong under the Fourteenth Amendment, a plaintiff must show that defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).

Upon consideration of the multiple allegations and the length of the alleged conditions, the Court <u>will allow Plaintiff's claims against LMG to proceed based on Plaintiff's Fourteenth Amendment conditions-of-confinement claim</u>. In doing so, the Court passes no judgment on its merit or upon its ultimate outcome.

Because Plaintiff was a pretrial detainee at the time of the alleged events, the Fourteenth Amendment, rather than the Eighth Amendment, applies to his claim, and Plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted. Likewise, Plaintiff has no cognizable claim under the Fifth Amendment, because that provision applies only to the federal government. *See, e.g., Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873–874 (6th Cir. 2000).

### 4. Denial of Access to the Courts, Sixth Amendment, and Equal Protection

Plaintiff alleges that LMG violated his rights to legal assistance, to access to discovery materials, and to a speedy trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. [DN 1-1 at 3–5]. Plaintiff asserts that on at least two occasions he did not receive discovery material sent to him at LMDC by his attorney, that he repeatedly is given a short amount of time to view discovery he does receive, that he has filed multiple grievances, and that he obtained a Court order in November 2022 requiring LMG to provide him at least two hours of access to discovery a week, which he states continues to be denied. Plaintiff states that he "is similarly situated to other inmates," that other inmates were obtaining discovery access three times a week, that he only received 30 minutes per month, and that in December of 2022, he was the only inmate in his dorm who was not provided access to his discovery materials. [*Id.*]. Plaintiff claims that these actions denied him the right to a speedy trial by "preventing him from understanding his case and being prepared for trial." [*Id.* at 5].

Relatedly, Plaintiff claims that LMG failed to provide reasonable, adequate access to phones and other means of communication and withheld mail from him—denying him access to his attorney, family, and other friends. Plaintiff maintains that he regularly receives court filings and court orders three to four weeks after they were issued. Plaintiff contends that this conduct prejudices "his ability to address them." [*Id.* at 5–7].

The Court construes Plaintiff's allegations as alleging denial of access to the courts under the First Amendment, violation of Sixth Amendment, and violation of the Equal Protection Clause under the Fourteenth Amendment.³

---

³ As stated above, Plaintiff has no cognizable claim under the Fifth Amendment, because that provision applies only to the federal government. *See, e.g., Scott*, 205 F.3d at 873–874.

### *a. Access to the Courts*

Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830–31; *John L. v. Adams*, 969 F.2d 228, 233–34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual injury to his criminal defense due to the alleged lack of access to his discovery materials by LMG. In addition, "[w]here a defendant is represented by counsel in his criminal case, his constitutional right of access to the courts in that proceeding is satisfied as a matter of law." *Jackson v. Stark*, No. 3:19-CV-0005-GFVT, 2019 WL 2178615, at *2 (E.D. Ky. May 17, 2019); *see also Weddle v. Dunbar*, No. 1:15-CV-00009-GNS, 2016 WL 1337296, at *3 (W.D. Ky. Apr. 5, 2016); *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *4 (W.D. Ky. Jan. 15, 2014); *Cooper v. Shelby Cnty. Justice Center*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) ("[S]ince counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected."). Here, Plaintiff acknowledges

11

that he has legal counsel to represent him in his criminal case. Therefore, Plaintiff's access-to-the-courts claim must be dismissed for failure to state a claim.

### b. Sixth Amendment

With regard to Plaintiff's allegations that LMG denied him access to his attorney by failing to provide reasonable, adequate access to phones and withholding mail from him, the Court construes this as a claim under the Sixth Amendment. However, Plaintiff has failed to state a claim because he has not alleged that he did not have other, adequate, alternative means of communicating with his attorney, such as through in-person visitation. *See Jackson,* 2017 WL 2389400, at *4 (no constitutional violation based on telephone restrictions where plaintiff did not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits); *Stamper v. Campbell Cnty.*, No. 2007-49 (WOB), 2009 WL 2242410 (E.D. Ky. July 24, 2009) (same); *Saunders v. Dickerson*, No. 1:07CV1094 (LMB/BRP), 2008 WL 2543428, at *10 (E.D. Va. June 25, 2008) (pretrial detainee's claim failed "because there is no suggestion from the complaint that plaintiff was unable to contact his attorney and family to prepare for his criminal case by means other than the telephone" and detainee did not show that alleged denial of access resulted in unfair prejudice); *see also Uraz v. Ingham Cnty. Jail*, No. 1:19-CV-550, 2019 WL 4292394, at *9–10 (W.D. Mich. Sept. 11, 2019) ("Plaintiff utterly fails to allege facts demonstrating that he had no other means of communicating with his attorney . . . ."). Therefore, Plaintiff's Sixth Amendment claim must be dismissed for failure to state a claim.

### c. Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause . . . 'is essentially a direction that all persons similarly situated

12

should be treated alike.'" *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Based on Plaintiff's allegations that he was treated differently regarding access to his discovery, the Court <u>will allow Plaintiff's claim to proceed against LMG for violation of the Fourteenth Amendment's Equal Protection Clause</u>. In doing so, the Court passes no judgment on the claim's merit or ultimate outcome.

### 5. Breach of Contract, Implied Covenant of Good Faith and Fair Dealing, and Promissory Estoppel

Plaintiff alleges that LMG breached the contractual promises it made to him in the LMDC Inmate Handbook and the LMDC "Inmate Legal Materials" Policy. [DN 1-1 at 7–13]. In Kentucky, a breach-of-contract claim requires proof of the following: "(1) the existence of a contract, (2) breach of that contract, and (3) that the breach caused damages." *Wood v. State Farm Fire & Cas. Co.*, No. 2019-CA-000462-MR, 2020 WL 1898401, at *3 (Ky. App. Apr. 17, 2020) (cleaned up). Any contractual claims based on the LMDC Inmate Handbook or LMDC Inmate Legal Materials Policy, or derivative claims, fail to state a claim upon which relief can be granted. An inmate handbook or policy is not a binding contract between a detention center and an inmate. *See, e.g.*, *McIntosh v. Wetzel*, No. CV 20-1957, 2022 WL 3293490, at *7 (W.D. Pa. Aug. 11, 2022); *Talbert v. Corr. Dental Assocs.*, No. CV 18-5112, 2020 WL 890212, at *5 (E.D. Pa. Feb. 21, 2020). "This is particularly true in the prison context where an inmate cannot accept an offer from the [detention center] or reach a 'meeting of the minds' upon the terms of the handbook." *Talbert*, 2020 WL 890212, at *5 (cleaned up).

Furthermore, a breach of contract claim against LMG cannot be brought in this Court. KRS § 45A.245(1) requires that actions for breach of contracts or enforcement of contracts "against the Commonwealth" shall be only brought in the Franklin Circuit Court. *See Southern Fin. Grp., LLC v. Kentucky*, No. 3:18-CV-415-CRS, 2019 WL 2090004, at *2–3 (W.D. Ky. May 13, 2019)

13

(finding that Kentucky county which enjoys the same state-law immunity as the Commonwealth cannot be sued for breach of contract in federal court, but only in Franklin Circuit Court) (citing *Campbell v. Univ. of Louisville*, 862 F. Supp. 2d 578, 585 (W.D. Ky. 2012) ("[W]hile the state has waived its immunity for claims pertaining to written contracts, it has done so only for actions brought in Franklin County, Kentucky, Circuit Court.").

For these reasons, the Court will dismiss these claims.

### 6. Title VII and KCRA

Plaintiff alleges that LMG's actions violate Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act (KCRA), KRS 344.010, *et seq.* Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The KCRA is virtually identical to Title VII, stating that it is unlawful for an employer to ". . . discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over . . . ." KRS § 344.040(1)(a). Title VII and the KCRA, however, are wholly inapplicable to Plaintiff's allegations, as nothing in the complaint suggests that LMG committed an adverse *employment* action against him. *Cook v. Huss*, No. 1:21-CV-613, 2023 WL 2582241, at *8 (W.D. Mich. Mar. 21, 2023); *Porter v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:13CV-923-H, 2014 WL 6883268, at *5 (W.D. Ky. Dec. 5, 2014); *Thomas v. Lee*, No. 3:14-CV-24-M, 2014 WL 1618447, at *2 (W.D. Ky. Apr. 22, 2014). Therefore, Plaintiff's Title VII and KCRA claims will be dismissed for failure to state a claim.

### 7. State Constitutional Claims

Plaintiff alleges that LMG and WellPath violated Sections 1:1, 1:2, 1:3, 1:4, 1:6, 2, 3, 10, 11, 14, and 17 of the Kentucky Constitution. Kentucky law, however, is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law. *See Shepherd v. Univ. of Ky.*, No. 5:16-005-KKC, 2016 WL 4059559, at *2–3 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations). Nor may § 1983 be used as a statutory vehicle to vindicate state constitutional claims. *See Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004). Accordingly, Plaintiff's claims under the Kentucky Constitution fail as a matter of law, and the Court will dismiss these claims for failure to state a claim.

### 8. Negligence *Per Se* and Intentional Infliction of Emotional Distress

Plaintiff alleges that LMDC is accredited by the American Corrections Association ("ACA") and is subject to the standards of the ACA. Plaintiff asserts that LMG violated numerous ACA standards, and these violations constitute negligence *per se*. [DN 1-1 at 15]. Plaintiff also asserts a state law claim for intentional infliction of emotional distress alleging that LMG's acts and omissions complained of throughout his complaint were knowing and intentional, being designed to inflict physical, mental, emotional, and spiritual anguish on Plaintiff. [DN 1-1 at 13].

While the Court evaluates sovereign immunity from federal claims under the Eleventh Amendment, the Court analyzes Kentucky law to determine sovereign immunity from state-law claims. *Ruplinger v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-583-DJH-RSE, 2021 WL 682075, at *4 (W.D. Ky. Feb. 22, 2021) (citing *Thieneman v. Smith*, No. 3:17-CV-292-DJH,

15

2018 WL 1522357, at *4 (W.D. Ky. Mar. 28, 2018)).  Under Kentucky law, it is well established that claims against counties are barred by sovereign immunity.  *Franklin Cnty. v. Malone*, 957 S.W.2d 195, 203 (Ky. 1997), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001).  LMG, however, is not a county; rather, it is a consolidated local government.  Under KRS § 67C.101(2)(e), the Kentucky General Assembly has expressly granted to consolidated local governments "the same sovereign immunity granted counties, their agencies, officers, and employees."  KRS § 67C.101(2)(e); *see also Transit Auth. of River City v. Bibelhauser*, 432 S.W.3d 171, 173 (Ky. App. 2013).  Accordingly, these state-law claims asserted against LMG are barred by sovereign immunity.  *Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 270 S.W.3d 904, 907 (Ky. App. 2008) ("Metro Government is entitled to sovereign immunity."); *see also Daugherty v. Louisville-Jefferson Cnty. Metro Gov't*, 495 F. Supp. 3d 513, 519–20 (W.D. Ky. 2020); *Albin v. Louisville Metro Gov't*, No. 3:19-CV-576-DJH, 2020 WL 1310495, at *3 (W.D. Ky. Mar. 19, 2020) (finding LMG entitled to sovereign immunity and dismissing state-law claims).  As a result, the Court will dismiss Plaintiff's state-law claims for negligence *per se* and intentional infliction of emotional distress against LMG.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's claims against the Louisville Metro Department of Corrections and WellPath are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Because no claims remain against them, the **Clerk of Court is directed to terminate Louisville Metro Department of Corrections and WellPath as parties to this action**.

2. The Court will allow Plaintiff's First Amendment Freedom of Religion and RLUIPA claims, Fourteenth Amendment conditions-of-confinement claim, and Fourteenth Amendment

Equal Protection Clause claim to proceed against Louisville Metro Government.  All other federal and state claims against Louisville Metro Government are dismissed consistent with the Memorandum Opinion and Order.

3.  The Court will enter a Service and Scheduling Order to govern the development of this action.

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 23, 2023

cc:   Plaintiff, *pro se*
      Defendant LMG
      Jefferson County Attorney
4414.014

17